FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JOSEPH DEAN LIRA,
*Defendant-Appellant*.

No. 11-30324

D.C. No.
1:10-cr-00135-RFC-1

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued October 10, 2012
Submitted June 27, 2013
Seattle, Washington

Filed August 2, 2013

Before:  A. Wallace Tashima, Milan D. Smith, Jr.,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Criminal Law

Vacating and remanding for resentencing, the panel held that the defendant's sentence on a conviction for use or carrying and possession of firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) does not comport with the Supreme Court's post-sentencing decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the increased mandatory minimum was based on a fact found by the district court by a preponderance of the evidence rather than submitted to a jury and established beyond a reasonable doubt.

### COUNSEL

Brian P. Fay (argued), Angel, Coil & Bartlett, Bozeman, Montana, for Defendant-Appellant.

Michael W. Cotter, United States Attorney; Leif M. Johnson (argued), Assistant United States Attorney, Billings, Montana, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

CHRISTEN, Circuit Judge:

Joseph Dean Lira appeals the 120-month sentence imposed following his jury-trial conviction for use or carrying and possession of firearms in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291. Due to an intervening change in the law, we vacate the entire sentence imposed by the district court, and remand for re-sentencing.

Lira was charged with five counts related to drug distribution and firearm possession. Count I charged possession with intent to distribute methamphetamine. Counts II and III charged distribution of methamphetamine. Count IV charged that Lira knowingly and unlawfully used and/or carried and possessed firearms in furtherance of the drug trafficking crimes set forth in Counts I and II. Count V charged Lira with illegal possession of a firearm affecting interstate or foreign commerce. The jury convicted Lira on Counts I–IV and acquitted him of the charge in Count V.

The district court sentenced Lira to 262 months imprisonment on each of Counts I–III, to be served concurrently. The mandatory minimum sentence for a conviction under Count IV is five years, but under 18 U.S.C. § 924(c)(1)(A)(iii) the mandatory minimum increases to ten years if a firearm was discharged. Here, the district court found by a preponderance of the evidence that Lira discharged a firearm "during and in relation to or in furtherance" of a drug trafficking offense. Based on this finding, Lira was sentenced to an additional consecutive term

of 120 months, the mandatory minimum sentence.  18 U.S.C. § 924(c)(1)(A)(iii).

On appeal, Lira challenges the imposition of the ten-year sentence under 18 U.S.C. § 924(c)(1)(A)(iii).  He argues that four witnesses testified that Lira used and/or carried or possessed a firearm in furtherance of different drug trafficking incidents, but only one witness provided admissible testimony regarding the discharge of a firearm. Lira contends that the district court could not properly impose the ten year mandatory minimum sentence for discharging a firearm because the court had no way of knowing which incident the jury relied upon to convict him of Count IV.  We do not reach Lira's argument because a newly-announced decision from the United States Supreme Court renders it moot.

The district court relied on the then-current state of the law when it sentenced Lira.  In *Harris v. United States*, 536 U.S. 545, 556 (2002), the Supreme Court held that whether a defendant discharged a firearm under § 924(c)(1)(A) is a sentencing element that may be found by a judge by a preponderance of the evidence.  But the rule in *Harris* was reconsidered in *Alleyne v. United States*, 133 S. Ct. 2151, 2162–63 (2013), and overruled.  *Alleyne* held that "facts that increase mandatory minimum sentences must be submitted to the jury" and established "beyond a reasonable doubt."  *Id.* at 2163.  As the government now concedes, Lira's sentence on Count IV does not comport with *Alleyne* because the increased mandatory minimum sentence was based on a fact found by the district court by a preponderance of the evidence. *Id.* Accordingly, the sentence on Count IV must be vacated.  Because the sentencing package has now become "unbundled," the district court must

reexamine the entire sentence in light of the vacated sentence on Count IV.  *See United States v. Avila-Anguiano*, 609 F.3d 1046, 1049 (9th Cir. 2010).  We vacate Lira's entire sentence and remand this case to the district court for re-sentencing.

**VACATED and REMANDED.**